UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. FOLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>US BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00877-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

　　The motion to dismiss is granted because the complaint does not plausibly state a claim for relief.

　　As to satisfaction of mortgage, Foley has not included enough factual detail suggesting that Truman Trust benefited from mortgage-insurance coverage or that it ever collected any mortgage-insurance payouts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And Foley offers no authority for his theory that the alleged payouts cured his default, satisfied his obligations under the deed of trust, or permit him to recover damages for Truman Trust's alleged failure to record a satisfaction of mortgage. *See Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 698–99 (E.D. Va. 2010); *Dabney v. Countrywide Home Loans, Inc.*, 428 Fed. Appx. 474, 476–77 (5th Cir. 2011).

　　As to breach of contract, Foley does not include enough factual detail to support the basic elements of this claim either. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). He does not specify, for example, which provisions in the contract were violated when Truman Trust allegedly imposed excess fees and charges. *See Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110,

1117 (N.D. Cal. 2011).

It's possible that Foley intended to bring a wrongful-foreclosure challenge based on allegedly void assignments. *See Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919, 924 (2016). Parts of his opposition brief raise arguments to that effect. Still, Foley has not done enough to state a claim for wrongful foreclosure. He fails to adequately plead the basic elements of wrongful foreclosure—including prejudice beyond the foreclosure itself. *See Miles v. Deutsche Bank National Trust Co.*, 236 Cal. App. 4th 394, 408 (2015); *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 871–74 (N.D. Cal. 2017). And he offers little legal support for his theory of void assignment; the deed of trust lists MERS as a beneficiary and gives MERS the right to assign its beneficial interest. *See Rosenberg v. Bank of America, N.A.*, 2016 WL 6446942, at *4 (C.D. Cal. Apr. 7, 2016); *Germon v. BAC Home Loans Servicing, L.P.*, 2011 WL 719591, at *2 (S.D. Cal. Feb. 22, 2011); Dkt. No. 36-1 at 4.

Without a viable cause of action to stand on, Foley's claim for unjust enrichment and his claim under California's Unfair Competition Law must be dismissed too. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012); *Rosal v. First Federal Bank of California*, 671 F. Supp. 2d 1111, 1126 (N.D. Cal. 2009).

In an abundance of caution, dismissal is again with leave to amend. Any amended complaint is due within 14 days of this order. But Foley's next amended complaint will be his last in this case. If Truman Trust successfully moves to dismiss that complaint, dismissal will be without leave to amend.

**IT IS SO ORDERED.**

Dated: September 12, 2023

VINCE CHHABRIA
United States District Judge